DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
ANDREW M. LEVAD (S.B. #313610)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

SCOTT W. PINK (S.B. #122383)
spink@omm.com
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2600
Facsimile: +1 650 473 2601

*Attorneys for Plaintiff
Trader Joe's Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADER JOE'S COMPANY, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>TRADER JOE'S UNITED,<br><br>　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>　(15 U.S.C. §§ 1114-1118, 1125)<br>2. **FEDERAL UNFAIR COMPETITION**<br>　(15 U.S.C. § 1125(a))<br>3. **FEDERAL TRADEMARK DILUTION**<br>　(15 U.S.C. § 1125(c))<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>　(Cal. Bus. & Prof. Code § 17200 *et seq.*)<br>5. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Trader Joe's Company ("Trader Joe's" or "Plaintiff"), for its Complaint against Trader Joe's United ("Defendant"), alleges as follows:

## INTRODUCTION

1. Trader Joe's is the owner of several United States federal trademark registrations for the mark TRADER JOE'S for retail grocery services and for a range of food and beverage products and associated merchandise. For more than fifty years, Trader Joe's has worked tirelessly to assure that the TRADER JOE'S mark is associated only with goods and services of the highest quality. To achieve this mission, Trader Joe's maintains strict standards and tightly controls the sale of all products bearing the TRADER JOE'S mark.

2. Trader Joe's also owns substantial common law trademark rights covering use of the famous TRADER JOE'S logo and TRADER JOE'S word mark on a variety of products, including home goods.

3. Defendant is a labor union that represents certain Trader Joe's employees.

4. Defendant operates a commercial website[1] where it markets and sells various products, including apparel, home goods, and reusable tote bags, for profit. Some of these items make use of Trader Joe's registered and common law trademarks in a way that is likely to cause consumer confusion.

5. Specifically, certain of Defendant's products use the TRADER JOE'S typed word mark and stylized word mark, the unique Trader Joe's typeface and red coloring, and/or the concentric circle design and general composition of the registered TRADER JOE'S logo. Trader Joe's has not authorized Defendant to use Trader Joe's intellectual property in this way to advertise and sell merchandise. Indeed, Trader Joe's does not authorize *any* third party to use Trader Joe's trademarks in such a way.

6. Defendant is not distributing these products for free; nor is it using

---

[1] https://store.traderjoesunited.org/.

Trader Joe's trademarks to refer to Trader Joe's or provide information to consumers about Defendant's cause. Rather, Defendant is using Trader Joe's trademarks on these products in a purely commercial fashion, resulting in a likelihood of consumer confusion and impairment of the distinctiveness of Trader Joe's famous marks.

7. Trader Joe's has contacted Defendant to demand that Defendant stop using Trader Joe's intellectual property and selling products that bear the TRADER JOE'S marks. But Defendant has refused to comply with Trader Joe's demands and has continued to market the infringing merchandise.

8. In light of Defendant's continued violations of Trader Joe's intellectual property rights in the face of Trader Joe's repeated requests to stop and the potential for significant reputational harm as a result of that conduct, injunctive relief is necessary to remedy the harm to Trader Joe's and prevent further infringement of Trader Joe's rights. Trader Joe's does not, however, seek relief relating to the subset of items sold by Defendant that do not make use of Trader Joe's trademarks.

## THE PARTIES

9. Plaintiff Trader Joe's Company is a corporation organized under the laws of the state of California with its principal place of business at 800 S. Shamrock Avenue, Monrovia, California 91016.

10. Defendant Trader Joe's United is an independent labor union comprised of Trader Joe's employees, with its principal place of business at 140 Northampton Avenue, Springfield, Massachusetts 01109.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Trader Joe's related claims for relief under state laws pursuant to 28 U.S.C. § 1367(a).

12. The exercise of personal jurisdiction over Defendant comports with the

laws of the State of California and the constitutional requirements of due process because Defendant and its agents have engaged in systematic and continuous contacts with this District, including by undertaking union organizing activities, transacting business, and/or offering to transact business within this District, and have committed acts of infringement directly targeting this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Trader Joe's claims occurred within this District and/or because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### The Trader Joe's Story

14. Trader Joe's is a national chain of neighborhood grocery stores that has become famous for its unique shopping experience and exciting yet affordable product selection. Since 1972, Trader Joe's stores have stocked Trader Joe's-brand products that feature globally inspired flavors, high quality, and excellent value, and that are not available anywhere else. Trader Joe's Crew Members are knowledgeable and friendly. The stores encourage face-to-face interaction; self-checkout is not available, nor is "click-and-collect" curbside service. The Crew Members and the frequently updated product selection transform grocery shopping from a chore into an exciting experience full of new discoveries each visit.

15. Although it is a national chain, Trader Joe's maintains a neighborhood feel by ensuring its stores' structure, design, and Crew Members uniquely reflect their locations and by donating hundreds of millions of dollars' worth of food products to its communities each year.

16. Trader Joe's promotes its products through carefully curated channels. It produces a newsletter, "The Fearless Flyer," which is distributed at Trader Joe's stores and emailed to more than 850,000 customers throughout the United States. Trader Joe's also advertises on its podcast, various social media platforms, and on

its website, www.traderjoes.com. The Trader Joe's website receives over 4.6 million visitors monthly even though customers cannot place orders there, which is a testament to the popularity of its brand. The website offers information about Trader Joe's products, stores, and its commitment to the community.

17.     Trader Joe's relies heavily on the quality of its products and shopping experience to create loyal customers, who in turn promote its products via word of mouth. Trader Joe's can rely on word of mouth because it has worked tirelessly and methodically to ensure that its customers closely associate Trader Joe's and its TRADER JOE'S family of trademarks both with innovative, high-quality products at the best prices and with the rewarding, eventful, and fun shopping experience inside Trader Joe's stores.

18.     Trader Joe's offers a variety of merchandise in addition to its core grocery products and retail services, including tote bags and other Trader Joe's-branded goods. Trader Joe's-branded tote bags in particular have garnered tremendous consumer attention and serve as a valuable source of organic marketing for Trader Joe's. Trader Joe's vast tote bag offerings range from traditional canvas totes to a city-and-state series that Trader Joe's enthusiasts are known to collect. Examples of Trader Joe's branded tote bags are depicted below:



## Trader Joe's Intellectual Property Rights

19. For more than fifty years, since the first Trader Joe's store opened in 1967 in Pasadena, California, Trader Joe's has worked diligently to become a respected and trusted brand and has earned customer trust, recognition, and extraordinary goodwill. Since 1967, Trader Joe's has continuously used its distinctive TRADER JOE'S name and trademarks comprised of or incorporating TRADER JOE'S (the "TRADER JOE'S Family of Marks") in United States commerce in connection with Trader Joe's high-quality goods and services. During this time, Trader Joe's expended substantial resources in marketing, advertising, and promoting the TRADER JOE'S Family of Marks and has derived substantial revenues from its sale of goods and services under the TRADER JOE'S Family of Marks. The distinctive Trader Joe's logo typeface was specially commissioned for and has exclusively been used by Trader Joe's since 1967. Many of the TRADER JOE'S Family of Marks feature the company's unique red logo typeface pictured below:

**TRADER JOE'S**

20. Trader Joe's extensive and continuous marketing, advertising, and sale of goods and services under the TRADER JOE'S Family of Marks has generated substantial fame, commercial goodwill, and customer recognition in the TRADER JOE'S Family of Marks. Today, consumers recognize the famous TRADER JOE'S Family of Marks as an indicator of high-quality goods and services emanating from a single source: Trader Joe's.

21. The United States Patent and Trademark Office ("USPTO") has granted Trader Joe's numerous trademark registrations in the typed word mark TRADER JOE'S, the stylized word mark TRADER JOE'S, and the TRADER JOE'S (and design) logo (collectively, the "TRADER JOE'S Registrations"), including as shown below:

| Mark | Registration Number(s) |
|---|---|
| TRADER JOE'S | 1,424,176; 1,422,216; 1,420,628; 1,421,310; 1,421,358; 2,160,601; 2,156,879; 2,158,990; 4,001,531 |
| **TRADER JOE'S** (stylized) | 2,171,157; 4,001,533 |
| TRADER JOE'S (and design logo) | 5,221,626 |

True and correct printouts from the USPTO website showing the current status and

title for the TRADER JOE'S Registrations are attached hereto as **Exhibit A**.

22. The TRADER JOE'S Registrations constitute *prima facie* and/or conclusive evidence of Trader Joe's exclusive right to use the TRADER JOE'S Family of Marks in commerce in connection with the goods and services specified in the registrations as well as those goods and services that are within the natural zone of expansion of the goods and services identified in the TRADER JOE'S Registrations.

23. As a result of Trader Joe's remarkable success, the TRADER JOE'S Family of Marks have come to symbolize extraordinary goodwill and have achieved great fame both within the United States and around the world.

24. The fame and popularity of the TRADER JOE'S Family of Marks have generated tremendous demand for TRADER JOE'S-branded products and immediate brand recognition of the TRADER JOE'S trademarks and Trader Joe's, including with regard to non-grocery products like reusable tote bags offered under the TRADER JOE'S Family of Marks.

25. Trader Joe's does not franchise or license the TRADER JOE'S Family of Marks; products bearing the TRADER JOE'S Family of Marks are sold exclusively by Trader Joe's.

**Defendant and Its Unlawful Activities**

26. Defendant is an independent labor union that, without authorization, has started using the TRADER JOE'S Family of Marks on merchandise that it sells for profit, including reusable tote bags, apparel, mugs, and buttons.

27. Defendant's commercial website's header features a logo that wholly encompasses the trademark TRADER JOE'S, which is presented in Trader Joe's distinctive red typeface and the concentric circle design of the TRADER JOE'S logo:



28. Defendant markets several product designs for its infringing merchandise that wholly encompass the TRADER JOE'S word mark and stylized word mark, the unique Trader Joe's typeface, Trader Joe's signature red font, and/or the concentric circle design and general composition of the registered TRADER JOE'S logo, including the product designs below:

|  |  |
|---|---|
| Product design: "A Union Lifts Us" | Product design: "TJU - Lefty" |

| | |
|---|---|
| <br>Product design: "Trader Joe's United" | <br>Product design: "TJU - Pride" |
| <br>Product design: "Canned Corn" | |

29. For example, among other products, Defendant affixes its infringing product designs to reusable carrying bags. This infringes at least Trader Joe's Trademark Reg. No. 5,221,626, which covers "merchandise bags" in Class 16 and "[a]ll-purpose reusable carrying bags" in Class 18. A side-by-side comparison of Trader Joe's authentic product and Defendant's infringing product is shown below:



| Trader Joe's Product | Defendant's Infringing Product |

30. Upon information and belief, Defendant commenced use of the TRADER JOE'S Family of Marks in commerce in connection with Defendant's commercial website and the merchandise sold thereon in late June 2023.

31. Defendant never sought nor received Trader Joe's authorization to use the TRADER JOE'S Family of Marks on its commercial website or on any merchandise. To the contrary, Trader Joe's has requested that Defendant cease use of the TRADER JOE'S Family of Marks in connection with merchandise made available to the general public. Defendant refuses.

32. Defendant's knowing, willful, unauthorized use of Trader Joe's valuable trademarks on merchandise sold to the general public is irreparably harming and, unless enjoined, will continue to irreparably harm, Trader Joe's and its trademarks, business, reputation, and goodwill.

**Trader Joe's Has Repeatedly Demanded That Defendant Cease and Desist Its Unlawful Activities**

33. On June 27, 2023, Trader Joe's sent correspondence to Defendant

demanding that it cease and desist any further sale of the infringing products on Defendant's commercial website.

34. On June 30, 2023, Defendant responded to Trader Joe's,[2] stating that it would not comply with Trader Joe's demands and claiming that Trader Joe's assertion of rights under the Lanham Act was retaliation against unionization efforts.

35. On July 5, 2023, Trader Joe's responded to Defendant, reiterating its demand that Defendant cease and desist its infringements of Trader Joe's trademarks and refuting Defendant's accusation with regard to unionization efforts. Specifically, Trader Joe's noted that Trader Joe's has not taken issue with Defendant's reference to Trader Joe's for the purpose of identifying the union or discussing the union's cause; rather, Trader Joe's demand is directed solely at Defendant's commercial use of Trader Joe's trademarks on merchandise sold to consumers on Defendant's commercial website.

36. Trader Joe's did not demand in its correspondence, and does not demand in this Complaint, that Defendant stop using the phrase "Trader Joe's" for the purpose of identifying Trader Joe's or communicating Defendant's message or using the phrase "Trader Joe's United" for the purpose of identifying Defendant or communicating its message.

37. Trader Joe's also did not demand in its correspondence, and does not demand in this Complaint, that Defendant stop using all of Defendant's product designs on Defendant's commercial merchandise. Specifically, Trader Joe's does not allege unlawful conduct or seek a remedy here with regard to the product designs titled "Garland Wrapped With Pro-Union, Pro-Labor, Pro-Socialism Slogans" and "Pallet Jack," shown below:

---

[2] While the communication was dated as of June 28, it was transmitted to Trader Joe's via email on June 30, 2023.



Product design: "Garland Wrapped With Pro-Union, Pro-Labor, Pro-Socialism Slogans"



Product design: "Pallet Jack"

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. §§ 1114-1118, 1125)

38. Trader Joe's incorporates each of the preceding paragraphs as if fully set forth herein.

39. Trader Joe's owns the TRADER JOE'S Family of Marks, as described above. The TRADER JOE'S Family of Marks are valid and protectable. Consumers recognize the TRADER JOE'S Family of Marks as designating Trader Joe's as the source of goods. At all relevant times, Defendant had actual and/or statutory notice of Trader Joe's registrations of its Family of Marks.

40. Defendant uses in commerce without the consent of Trader Joe's one or more of the TRADER JOE'S Family of Marks in connection with marketing and selling apparel, reusable tote bags, mugs, and buttons. Defendant's use of the TRADER JOE'S Family of Marks is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's goods.

41. As a direct and proximate result of Defendant's foregoing acts, Trader

Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the distinctiveness of the TRADER JOE'S Family of Marks and injury to Trader Joe's goodwill that damages cannot remedy. Trader Joe's has no adequate remedy at law.

42. Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendant and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S Family of Marks or any colorable imitations thereof.

43. Pursuant to 15 U.S.C. § 1117, Trader Joe's is also entitled to recover (i) Defendant's profits, increased to adequately compensate Trader Joe's, (ii) up to treble Trader Joe's ascertainable damages, (iii) Trader Joe's costs of suit, and (iv) prejudgment interest. Defendant's willful use of the TRADER JOE'S Family of Marks without excuse or justification renders this an exceptional case and entitles Trader Joe's to its reasonable attorneys' fees.

44. Pursuant to 15 U.S.C. § 1118, Trader Joe's is entitled to an order requiring that Defendant deliver up for destruction of all goods in Defendant's possession or control that bear any of the TRADER JOE'S Family of Marks.

**SECOND CAUSE OF ACTION**
**(Unfair Competition, False Association, False Designation of Origin – 15 U.S.C. § 1125(a))**

45. Trader Joe's incorporates each of the preceding paragraphs as if fully set forth herein.

46. As a result of Trader Joe's extensive and continuous marketing, advertising, and sale of goods and services under the TRADER JOE'S Family of

Marks, the TRADER JOE'S Family of Marks have become famous and Trader Joe's has become identified in the public mind as the entity behind goods and services offered under the TRADER JOE'S Family of Marks.

47. As a result of Trader Joe's experience and care in providing goods and services under the TRADER JOE'S Family of Marks, Trader Joe's has acquired a reputation for excellence. Moreover, the TRADER JOE'S Family of Marks have become associated with Trader Joe's, and have come to symbolize the reputation for quality and excellence of Trader Joe's goods and services. As such, the TRADER JOE'S Family of Marks are distinctive and famous.

48. Defendant is not authorized to use the TRADER JOE'S Family of Marks, any confusingly similar mark, or any mark that in any way represents or implies that Defendant's goods are in any way associated with Trader Joe's.

49. Defendant's unauthorized use of the TRADER JOE'S Family of Marks as alleged herein constitutes unfair competition, false association, and false designation of origin in violation of 15 U.S.C. § 1125(a). Defendant, with knowing, willful, and intentional disregard for Trader Joe's rights, continues to advertise, promote, and sell products bearing the likeness of the TRADER JOE'S Family of Marks. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Defendant's products.

50. As a direct and proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendant's actions. Trader Joe's has no adequate remedy at law.

51. As a direct and proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

52. This is an exceptional case within the meaning of Section 35 of the

Lanham Act, 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))

53. Trader Joe's incorporates each of the preceding paragraphs as if fully set forth herein.

54. As a result of Trader Joe's extensive and continuous marketing, advertising, and sale of goods and services under the TRADER JOE'S Family of Marks, the TRADER JOE'S Family of Marks have become famous and Trader Joe's has become identified in the public mind as the entity behind goods and services offered under the TRADER JOE'S Family of Marks.

55. The TRADER JOE'S Family of Marks became famous prior to the time Defendant commenced its infringing activities described herein.

56. Defendant's unlawful acts described herein are likely to dilute by blurring the distinctive quality of the TRADER JOE'S Family of Marks in violation of 15 U.S.C. § 1125(c).

57. As a direct and proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendant's actions. Trader Joe's has no adequate remedy at law.

58. As a direct and proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

59. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### (California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.*)

60. Trader Joe's incorporates all of the above paragraphs as though fully

set forth herein.

61. Defendant engaged in unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the UCL, including by infringing and diluting the value of Trader Joe's registered and common-law trademarks.

62. Defendant's unauthorized use of the TRADER JOE'S Family of Marks infringes Trader Joe's exclusive rights to those marks, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods, and is likely to deceive the public into believing that Defendant's goods are sponsored, endorsed, or approved by Trader Joe's, or are otherwise associated with Trader Joe's.

63. As a proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of its TRADER JOE'S Family of Marks. Unless Defendant is restrained and enjoined from engaging in said unlawful conduct, Defendant will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining Defendant's wrongful conduct. Accordingly, Trader Joe's is entitled to permanent injunctive relief as set forth below.

## FIFTH CAUSE OF ACTION
**(Common Law Trademark Infringement and Unfair Competition)**

64. Trader Joe's incorporates each of the preceding paragraphs as if fully set forth herein.

65. As a result of Trader Joe's extensive and continuous marketing, advertising, and sale of goods and services under the TRADER JOE'S Family of Marks, the TRADER JOE'S Family of Marks have become famous and Trader Joe's has become identified in the public mind as the entity behind goods and services offered under the TRADER JOE'S Family of Marks.

66. As a result of Trader Joe's experience and care in providing goods and

services under the TRADER JOE'S Family of Marks, Trader Joe's has acquired a reputation for excellence. Moreover, the TRADER JOE'S Family of Marks have become associated with Trader Joe's, and have come to symbolize the reputation for quality and excellence of Trader Joe's goods and services. As such, the TRADER JOE'S Family of Marks are distinctive and famous.

67. Defendant is not authorized to use the TRADER JOE'S Family of Marks, any confusingly similar mark, or any mark that in any way represents or implies that Defendant's goods are in any way associated with Trader Joe's.

68. Defendant's unauthorized use of the TRADER JOE'S Family of Marks as alleged herein constitutes unfair competition in violation of the common law. Defendant, with knowing, willful, and intentional disregard for Trader Joe's rights, continues to advertise, promote, and sell products bearing the likeness of the TRADER JOE'S Family of Marks. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Defendant's products.

69. Defendant's acts constitute unfair competition and willful infringement of Trader Joe's exclusive rights in the TRADER JOE'S Family of Marks, in violation of the common law.

70. As a direct and proximate result of Defendant's unfair competition and infringement of the TRADER JOE'S Family of Marks, Trader Joe's has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendant's actions. Trader Joe's has no adequate remedy at law.

71. As a direct and proximate result of Defendant's actions, Trader Joe's has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Grant judgment in Trader Joe's favor and against Defendant on all causes of actions alleged herein;

2. Permanently enjoin Defendant and each of its affiliates, officers, partners, associates, agents, servants and employees, and all others acting for, with, by, through, under, or in concert with Defendant, from:

    a. using the TRADER JOE'S Family of Marks or any confusingly similar marks or names, including misspellings or variations, in connection with commercial merchandise made available to the general public;

    b. committing any acts calculated to cause consumers to believe that commercial merchandise offered by Defendant is sold under the authorization, control, or supervision of Trader Joe's, or is sponsored by, approved by, or otherwise connected with Trader Joe's;

    c. assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs 2(a)–(b) above, inclusive.

3. Direct Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunctions requested herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the injunctions;

4. Declare that Defendant's infringement and dilution of the TRADER JOE'S Family of Marks and its unfair competition are and have been willful and committed with reckless disregard of Trader Joe's rights;

5. Order Defendant to deliver up for destruction all commercial merchandise in its possession or control that this Court finds to be infringing any of the TRADER JOE'S Family of Marks;

6. Order Defendant, at its own expense, to recall from any distributors, retailers, vendors, or others all commercial merchandise that this Court finds to be infringing any of the TRADER JOE'S Family of Marks or any confusingly similar trademarks, and that Defendant deliver it up to Plaintiff for impoundment and eventual destruction;

7. Damages in an amount to be further proven at trial;

8. Statutory damages;

9. Punitive damages;

10. Any profits earned by Defendant that are attributable to Defendant's infringement;

11. Costs of suit incurred herein;

12. Prejudgment interest;

13. Attorneys' fees and costs; and

14. Such other and further relief as the Court may deem to be just and proper.

## JURY DEMAND

Trader Joe's demands a jury trial for all issues so triable.

Dated: July 13, 2023

DAVID R. EBERHART
ANDREW M. LEVAD
SCOTT W. PINK
O'MELVENY & MYERS LLP

By: */s/ David R. Eberhart*
David R. Eberhart
*Attorneys for Plaintiff
Trader Joe's Company*