1 | SONYA Z. MEHTA, SBN 294411
2 | SIEGEL, YEE, BRUNNER & MEHTA
  | 475 14th Street, Suite 500
3 | Oakland, California 94612
  | Telephone: (510) 839-1200
4 | Facsimile: (510) 444-6698
  | sonyamehta@siegelyee.com
5 |
6 | Attorneys for Defendant
  | TRADER JOE'S UNITED
7 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRADER JOE'S COMPANY, a California corporation, | Case No. 2:23-cv-05664-HDV-MAR |
| Plaintiff, | **TRADER JOE'S UNITED REQUEST FOR JUDICIAL NOTICE** |
| vs. | Filed Concurrently with Notice of Motion and Motion to Dismiss, and [Proposed] Order |
| TRADER JOE'S UNITED, | Hon. Hernán D. Vera |
| Defendant. | Date: September 21, 2023 |
| | Ctrm: 5B |
| | Time: 10:00 a.m. |
| | Complaint Filed: July 13, 2023 |

# REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201 and in connection with Defendant's Motion to Dismiss, Defendant Trader Joe's United hereby moves the Court to take judicial notice of the following public filings.

On July 7, 2023, the NLRB issued a consolidated complaint against Trader Joe's for its unlawful conduct during a union election in violation of the National Labor Relations Act, including discriminatory enforcement, threats, overbroad rules, retaliation against and interrogations of employees who supported the union, and providing false and misleading information about the union.

It is attached here as Exhibit 1.

On May 25, 2023, the NLRB issued another complaint against Trader Joe's for its unlawful conduct of "interfering with, restraining, and coercing employees in the exercise of the rights guaranteed" by the NLRA. It is attached here as Exhibit 2.

Dated: August 21, 2023       SIEGEL, YEE, BRUNNER & MEHTA

By: ___/s/ Sonya Z. Mehta_____
     Sonya Z. Mehta

Attorneys for Defendant
TRADER JOE'S UNITED

EXHIBIT 1

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION ONE/SUBREGION 34**

| | |
|---|---|
| **TRADER JOE'S EAST**<br><br>   **and**<br><br>**MAEG YOSEF, an Individual**<br><br>   **and**<br><br>**ADELAIDE P. PETRIN, an Individual** | **Cases 01-CA-296847**<br>   **01-CA-297032**<br>   **01-CA-298824**<br>   **01-CA-299966**<br>        **and**<br>   **01-CA-297248**<br>   **01-CA-297365** |

**ORDER CONSOLIDATING CASES,**
**CONSOLIDATED COMPLAINT AND NOTICE OF HEARING**

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 01-CA-296847; 01-CA-297032; 01-CA-298824; and 01-CA-299966 which are based on charges filed by Maeg Yosef, an Individual, (Yosef) and Cases 01-CA-297248 and 01-CA-297365, which are based on charges filed by Adelaide P. Petrin, an individual (Petrin), against Trader Joe's East (Respondent), are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

## 1. CHARGES

The charges in the above cases were filed by the respective Charging Parties, as set forth in the following table, and served upon Respondent on the dates indicated by regular U.S. mail:

1

| | Case No. | Amendment | Charging Party | Date Filed | Date Served |
|---|---|---|---|---|---|
| a. | 01-CA-296847 | | Maeg Yosef | 6/2/22 | 6/2/22 |
| b. | 01-CA-297032 | | Maeg Yosef | 6/6/22 | 6/6/22 |
| c. | 01-CA-297248 | | Adelaide P. Petrin | 6/8/22 | 6/8/22 |
| d. | 01-CA-297365 | | Adelaide P. Petrin | 6/9/22 | 6/10/22 |
| e. | 01-CA-298824 | | Maeg Yosef | 7/5/22 | 7/7/22 |
| f. | 01-CA-298824 | First Amended | Maeg Yosef | 6/30/23 | 6/30/23 |
| g. | 01-CA-299966 | | Maeg Yosef | 7/25/22 | 7/25/22 |
| h. | 01-CA-299966 | First Amended (also served via email) | Maeg Yosef | 10/27/22 | 10/31/22 |
| i. | 01-CA-299966 | Second Amended (also served via email) | Maeg Yosef | 5/10/23 | 5/10/23 |

## 2.  JURISDICTION AND COMMERCE

(a)      At all material times, Respondent has been a corporation doing business as Trader Joe's East, Inc. with offices and places of business in Hadley, Massachusetts (its Hadley Store), where it has been engaged in the retail sale of grocery and related products.

(b)      Annually, in conducting its operations, Respondent derives gross revenues in excess of $500,000.

(c)      Annually, Respondent purchases and receives at its Hadley Store products, goods, and materials valued in excess of $5,000 directly from points outside the Commonwealth of Massachusetts.

(d)      At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

## 3.  UNION STATUS

At all material times, Trader Joe's United (the Union) has been a labor organization within the meaning of Section 2(5) of the Act.

### 4.  SUPERVISORS AND AGENTS

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| Individual | Position | Time Period |
|---|---|---|
| Tracy Anderson | Executive Vice President | April 2022-present |
| Jenn Gillum | Regional Vice President | April 2022-present |
| Samantha Gingris | Mate | April 2022-January 2023 |
| Sasha Gulick-Sherrill | Mate | April 2022- present |
| Noreen Munoz | Mate | April 2022- present |
| Susie Ribeiro | Mate | April 2022- present |
| Brandon Silva | Captain | April 2022 – August 2022 |
| Mathias Vincent | Mate, then Captain | April-August 2022; Aug. 2022 - present |
| Russell Wells | Mate | April 2022 - present |

### 5.  MAINTENANCE OF AN OVERLY BROAD RULE, DISCRIMINATORY ENFORCEMENT OF AN OVERLY BROAD RULE, AND THREAT FOR NON-COMPLIANCE WITH AN OVERLY BROAD RULE

(a)     Since about May 2022, Respondent has maintained the following overly broad and discriminatory rule in its Handbook:

Dress and Personal Appearance
At Trader Joe's, our uniform is a company issued t-shirt and a Trader Joe's name tag. We also provide Trader Joe's outerwear such as sweatshirts, long sleeve shirts, hats, aprons, beanies, and (in today's environment) masks. None of these items is to be adorned with added logos, statements, décor, symbolism, or messages of any kind except as approved by your Captain.

3

(b)      Respondent, including but not limited to the instances below and by the individuals specified below, on about the dates and at the locations opposite their names, enforced the rule described above in paragraph 5(a) selectively and disparately by prohibiting employees from wearing union insignia while permitting employees to wear other insignia:

|         | Date          | Agent/and or Supervisor |
|---------|---------------|-------------------------|
| i.      | May 30, 2022  | Susie Ribeiro           |
| ii.     | May 30, 2022  | Sasha Gulick-Sherrill   |
| iii.    | May 31, 2022  | Samantha Gingris        |
| iv.     | May 31, 2022  | Sasha Gulick-Sherrill   |
| v.      | June 1, 2022  | Noreen Munoz            |
| vi.     | June 1, 2022  | Mathias Vincent         |
| vii.    | June 1, 2022  | Samantha Gingris        |
| viii.   | June 2, 2022  | Mathias Vincent         |
| ix.     | June 2, 2022  | Sasha Gulick-Sherrill   |
| x.      | June 2, 2022  | Noreen Munoz            |
| xi.     | June 3, 2022  | Russell Wells           |
| xii.    | June 3, 2022  | Russell Wells           |
| xiii.   | June 8, 2022  | Brandon Silva           |
| xiv.    | June 8, 2022  | Brandon Silva           |
| xv.     | June 9, 2022  | Brandon Silva           |
| xvi.    | June 11, 2022 | Brandon Silva           |
| xvii.   | June 11, 2022 | Brandon Silva           |
| xviii.  | June 11, 2022 | Brandon Silva           |

(c)      About June 2022, Respondent, by Silva, at the Hadley Store, impliedly threatened employees with a negative appraisal if they wore union insignia.

## 6. RETALIATION

(a)      About May 14, 2022, employees, including but not limited to Jamie Edwards, Maeg Yosef, and Arthur Hoagland, engaged in concerted activities with other

employees for the purposes of mutual aid and protection by presenting to Captain Brandon Silva, in person, a letter with a demand to recognize and bargain with the Union.

(b)     Between May 2022 through June 2022, employees, including but not limited to Jamie Edwards, Maeg Yosef, and Arthur Hoagland, engaged in concerted activities with other employees for the purposes of mutual aid and protection by attempting to wear pins with union insignia while working for Respondent at the Hadley Store.

(c)     About May 30, 2022, Respondent sent its employee Jamie Edwards home for their regularly scheduled shift.

(d)     About June 1, 2022, Respondent sent its employee Maeg Yosef home for her regularly scheduled shift.

(e)     About June 20, 2022, Respondent issued its employee Arthur Hoagland a written warning.

(f)     Respondent engaged in the conduct described above in paragraphs 6(c), (d) and (e) because the named employees of Respondent engaged in the activities described above in paragraph 6(a) and (b), and to discourage employees from engaging in these or other concerted activities.

(g)     Respondent engaged in the conduct described above in paragraphs 6(c), (d) and (e) because the named employees formed, joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

## 7. INTERROGATION, THREATS, AND CAPTIVE AUDIENCE MEETINGS

(a)     About mid-June 2022, Respondent, by Ribeiro, at the Hadley Store, interrogated its employees about their union activities by asking them about why they wanted to start a union.

(b)     On about June 29, 2022, Respondent, by Vincent, at the Hadley Store, threatened that Respondent would freeze employees' wages if they selected the Union as their bargaining representative.

(c)     About July 20, 2022, Respondent, by Silva, at the Hadley Store, threatened employees that their working conditions would worsen and that they may not receive a raise if they selected the Union as their bargaining representative.

(d)     About mid-July, Respondent, by Vincent and Ribeiro, at the Hadley Store, threatened employees that they might not receive retirement benefits or raises if the Union was voted in.

(e)     On various occasions in July 2022, Respondent, by Anderson, Silva, and Ribeiro, at the Hadley Store, by misrepresenting employees' Section 9(a) rights and other remarks, threatened employees that unionization could lead to the loss of existing benefits and other unspecified reprisals concerning employees' working conditions, including but not limited to loss of access to managers and supervisors.

(f)     Beginning in July 2022, Respondent held mandatory captive-audience meetings at the Hadley Store and forced employees to convene on paid time to listen to Respondent's position regarding union activity.

(g)     On various occasions between June and July 2022, Respondent, by Anderson, Silva, Ribeiro, Vincent, and Wells, at the Hadley Store, cornered employees while performing their job duties and required them to listen to Respondent's speech about the exercise of Section 7 rights.

## 8.  MISREPRESENTATION OF THE UNION

(a)     About September 21, 2022, Respondent, in a posting at its Hadley Store breakroom regarding bargaining updates, provided false and misleading information to employees about the Union.

(b)     About September 21, 2022, and again on October 13, 2022, Respondent, in a posting regarding bargaining updates on its internal employee website, mytraderjoes.com, provided false and misleading information to employees nationwide about the status of bargaining between Respondent and the Union.

(c)     Alternatively, by posting the bargaining updates described above in paragraph 8(a) and (b), Respondent impliedly threatened its employees with unspecified reprisals for engaging in union activity.

### 9.  8(a)(1) CONCLUSIONS

By the conduct described above in paragraphs 5(b) and (c), 6(c),(d),(e) and (f), 7(a) though (g), and 8, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

### 10.  8(a)(3) CONCLUSIONS

By the conduct described above in paragraph 6(c)(d)(e) and (g), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

### 11.  CONCLUSION

The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above, the General Counsel seeks an Order providing for all relief as may be just and proper to remedy the unfair labor practices alleged, including, but not limited to, requirements that Respondent:

(a)    electronically distribute the Notice to Employees to all employees who are or have been employed by Respondent at its Hadley, Massachusetts Store since January 1, 2022, by text messaging, email, posting on social media websites, and posting on internal apps and intranet websites, if Respondent communicates with its employees by such means; and

(b)    at a meeting or meetings scheduled to ensure the widest possible attendance, have Hadley Store Manager Mathias Vincent read both the Notice to Employees and an Explanation of Rights to all employees employed by Respondent at the Hadley Store on work time in the presence of a Board agent and a representative of the Union, or have a Board agent read the Notice to Employees and an Explanation of Rights to employees employed by Respondent on work time in the presence of a representative of the Union and the Managers named above at the Hadley Store, and that a video recording of the reading of the Notice to

Employees and the Explanation of Rights shall be made, with the recording being distributed to employees by electronic means or by mail.

WHEREFORE, as part of the remedy for the violations alleged above in paragraph 8, the General Counsel further seeks an Order requiring Respondent, on a nationwide basis, to retract its misleading and false statements about the Union that were contained within its September 21, 2022 posting and October 13, 2022 bargaining updates, post a remedial Notice to Employees concerning this matter on a nationwide basis, and post the same Notice on Respondent's Intranet and/or electronic bulletin board, and email the Notice to employees nationwide consistent with Respondent's normal methods of communicating with employees. The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged above.

## **ANSWER REQUIREMENT**

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before Friday, July 21, 2023.** Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a

pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## <u>NOTICE OF HEARING</u>

**PLEASE TAKE NOTICE THAT on Tuesday, October 17, 2023, at 10:00 a.m., at the A.A. Ribicoff Federal Building, 450 Main Street, Suite 410, Hartford, Connecticut**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated: July 7, 2023

Laura A. Sacks, Regional Director
National Labor Relations Board
Region 01

Attachments

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Cases <u>01-CA-296847, et al.</u>

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).
(2) Grounds must be set forth in **detail**;
(3) Alternative dates for any rescheduled hearing must be given;
(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and
(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Mathias Vincent, Store Captain
Trader Joe's
375 Russell Street
Hadley, MA 01035
Certified Mail

Kelcey J. Phillips, Attorney
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004

Email: kelcey.phillips@morganlewis.com
Ms. Maeg Yosef
402 Leyden Rd
Greenfield, MA 01301
Email: maegyosef@gmail.com

Ms. Adelaide P. Petrin
5 Barber Ave
Greenfield, MA 01301
mail: apetrin60@gmail.com

Rick Marks, Attorney
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Email: rick.marks@morganlewis.com

Camille Watson, Atty.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Email: camille.watson@morganlewis.com

Retu R. Singla, Atty.
Julien, Mirer & Singla, PLLC
One Whitehall Street, 16th Floor
New York, NY 10004
Email: rsingla@workingpeopleslaw.com

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative.** If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.      BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs**: If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.      DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered**

(OVER)

Form NLRB-4668
(6-2014)

**in evidence.**  If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.   **AFTER THE HEARING**

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

EXHIBIT 2

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 18**

| | |
|---|---|
| **TRADER JOE'S EAST, INC.** | |
| **and** | **Case 18-CA-306714** |
| **TRADER JOE'S UNITED** | |

## <u>COMPLAINT AND NOTICE OF HEARING</u>

This Complaint and Notice of Hearing is based on a charge filed by Trader Joe's United (Union). It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board) and alleges that Trader Joe's East, Inc. (Respondent) has violated the Act as described below.

1.    (a)    The charge in this proceeding was filed by the Union on November 7, 2022, and a copy was served on Respondent by U.S. mail on about that same date.

(b)    The first amended charge in this proceeding was filed by the Union on April 12, 2023, and a copy was served on Respondent by U.S. mail on about that same date.

2.    (a)    At all material times, Respondent, a Massachusetts corporation with multiple facilities and places of business throughout the United States, has been engaged in the business of operating retail grocery stores, including a store located in Minneapolis, Minnesota (Respondent's facility).

1

(b)     In conducting its operations during the calendar year ending December 31, 2022, Respondent derived gross revenue in excess of $500,000.

(c)     During the period of time described above in subparagraph (b), Respondent purchased and received at its Minneapolis, Minnesota facility goods and services valued in excess of $50,000 directly from points outside the State of Minnesota.

(d)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

3.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

4.     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act):

> Angelique Hofmann   -     Captain
>
> Dio Elgin-Body        -     Mate

5.     In late October 2022 and early November 2022, Respondent, by Captain Angelique Hofmann, Mate Dio Elgin-Body, and other supervisors and agents who hold the position of "Mate" and whose names are unknown to the General Counsel at this time, removed union literature from the employee breakroom tables at Respondent's facility.

6.     On November 7, 2022, Respondent, by Captain Angelique Hofmann, announced an overly broad prohibition on solicitation and distribution of literature by posting a notice on the bulletin board in the employee breakroom at Respondent's facility which stated:

> "The breakroom space is reserved for company business, [w]hich is not to be used for any other purpose."

7.      By the conduct described above in paragraphs 5 and 6, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

8.      The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraphs 5 and 6, the General Counsel seeks an Order requiring Respondent to electronically post the Notice to Employees if Respondent customarily uses electronic means such as an electronic bulletin board, e-mail, website, or intranet to communicate with those employees.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

### ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint.  The answer must be **received by this office on or before June 8, 2023, or postmarked on or before June 7, 2023.**  Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website.   To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that

the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE THAT on **October 24, 2023, at 9 a.m. in the Hearing Room, 212 Third Avenue South, Suite 200, Minneapolis, Minnesota**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint.  The

4

procedures to be followed at the hearing are described in the attached Form NLRB-4668.   The

procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  May 25, 2023

_____

JENNIFER A. HADSALL
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 18
Paul D. Wellstone Federal Building
212 Third Avenue South, Suite 200
Minneapolis, MN 55401-2657

Attachments

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 18-CA-306714

    The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

    An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following requirements are met:

(1)  The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in *detail*;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

  Angelique Hoffman, Captain (General
    Manager)
  Trader Joe's East
  721 South Washington Street
  Minneapolis, MN 55415

  Kelcey J. Phillips , Attorney
  Morgan, Lewis & Bockius, LLP
  1111 Pennsylvania Ave, NW
  Washington, DC 20004

  Christopher Murphy, Esq.
  Morgan, Lewis & Bockius, LLP
  101 Park Avenue
  New York, NY 10178

Camille Watson, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105

Sarah Beth Ryther, Organizer
Trader Joe's United
3511 Harriet Avenue, Apt 1
Minneapolis, MN 55408

Seth Lewis Goldstein, Attorney
Law Offices of Seth Goldstein
217 Hadleigh Drive
Cherry Hill, NJ 08003

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law.  **You may be represented at this hearing by an attorney or other representative.**  If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible.  A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations.  The Board's Rules and regulations are available at the following link:  www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently.  To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts.  You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**.  The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.   BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations.  In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance.  Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:**  One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents.  This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference.  You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.   DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations.  Please note in particular the following:

- **Witnesses and Evidence**:  At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits:  Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.**  If a copy of any exhibit is not available when the original is received, it will be the responsibility

(OVER)

Form NLRB-4668
(6-2014)

of the party offering such exhibit to submit the copy to the ALJ before the close of hearing.  If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.   AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.