SONYA Z. MEHTA, SBN 294411
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Tel: 510-839-1200
Fax: 510-444-6698
sonyamehta@siegelyee.com

DAT HOANG PHAN, SBN 316813
HENNIG, KRAMER, RUIZ AND SINGH, LLP
3600 Wilshire Boulevard
Suite 1908
Los Angeles, CA 90010
Tel: 213-310-8301
Fax: 213-310-8302
dat@employmentattorneyla.com

RETU R. SINGLA, SBN 4162822
Tel: 646-228-4719
rsingla@workingpeopleslaw.com
SETH L. GOLDSTEIN, SBN 2160182
Tel: 646-460-1309
Fax: 251-319-2955
sgoldstein@workingpeopleslaw.com
JULIEN MIRER SINGLA AND
GOLDSTEIN PLLC
One Whitehall Street, 16th Floor
New York, NY 10004
ADMITTED PRO HAC VICE

Attorneys for Defendant
TRADER JOE'S UNITED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADER JOE'S COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>TRADER JOE'S UNITED,<br><br>    Defendant. | Case No. 2:23-cv-05664-HDV-MAR<br><br>**TRADER JOE'S UNITED REPLY ISO MOTION TO DISMISS**<br><br>Hon. Hernán D. Vera<br>Date: November 9, 2023<br>Ctrm: 5B<br>Time: 10:00 a.m.<br><br>Complaint Filed: July 13, 2023 |

---

*Trader Joe's Company v. Trader Joe's United*, Case No. 2:23-cv-05664-HDV-MAR
Defendant Trader Joe's United Reply ISO Motion to Dismiss – 1

Defendant Trader Joe's United ("Defendant") submits this reply in further support of its motion to dismiss Plaintiff Trader Joe's Company's Complaint ("Plaintiff" or "Trader Joe's") under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Courts have routinely dismissed employers' Lanham Act claims against labor unions and denied requests for injunctions in circumstances remarkably similar to the instant matter, finding that there is no likelihood of confusion where a union uses an employer's trademark to refer to the employer. It is clear that Plaintiff's lawsuit is not a pure commerce case especially in the context of several active pending labor complaints as described in Defendant's moving papers.  Unfortunately within the context of this public labor dispute, Plaintiff has weaponized Trademark Law to suppress and retaliate against Defendant Union's, protected activity.[1]  While Plaintiff argues that it does not seek to restrain the use of "Trader Joe's" for the purpose of discussing the union's cause, that is exactly what its complaint seeks by attempting to remove Defendant Union's ability to communicate about its labor dispute through the sale of buttons, mugs, apparel and tote bags to supporters on the Union's website that bear slogans and images like "a union lifts us all", a black fist with an orange box cutter on a neon green background, a black fist with a green box cutter on a white or rainbow background or "Union Naturally Sweet No Added Nonsense". ECF 1 at ¶¶ 35-36, 28.  Moreover, Plaintiff argues that it has sufficiently pleaded "likelihood of consumer confusion" under the Lanham Act, California Unfair Competition Law ("UCL"), and common law without referencing ***any factual allegations***.

In addition to the insufficiency of Plaintiff's pleadings as a matter of law, Plaintiff's arguments fail to grasp how social media and websites have changed

---

[1] We ask this court to take judicial notice of Case 01-CA- 327221 filed on October 4, 2023 against Trader Joe's Company and its agent O"Melveny and Meyers LLP for interfering with employee rights and discriminating against employees because of their union activities or sympathies in violation of Section 8(a)(1) and (33) of the National Labor Relations Act.

---

*Trader Joe's Company v. Trader Joe's United*, Case No. 2:23-cv-05664-HDV-MAR
Defendant Trader Joe's United Reply ISO Motion to Dismiss – 2

communication of labor disputes. The courts and the National Labor Relations Board ("NLRB") have long recognized that workers have a right to draw public attention to their organizing efforts through social media and the internet. It is undisputed that workers can prominently use their employer's trademarked name in these communications.  It would be absurd to prohibit a union from including an employer's name in the union's communications of its labor dispute, as Plaintiff asks the Court to do here.  Moreover, Plaintiff's argument that injunctive relief is appropriate is plainly contrary to the Norris-LaGuardia Act ("NLGA") and the relevant caselaw.

Thus, Plaintiff's baseless arguments, contained in their opposing brief, should be rejected by this Court for the following reasons: (1) Plaintiff's complaint is based on threadbare conclusory, formulaic, and speculative allegations that fail to identify any factual support for likelihood of consumer confusion; and (2) Plaintiff's claim that this lawsuit does not involve a labor dispute should be rejected and any permanent injunction is barred.

## ARGUMENT

### I. Plaintiff's complaint is based on threadbare conclusory, formulaic, and speculative allegations that fail to identify any factual support for likelihood of consumer confusion.

On a motion to dismiss all ***factual allegations*** pleaded in the complaint must be accepted as true and construed "in the light most favorable to the nonmoving party." See *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120-21 (9th Cir. 2007). Dismissal is appropriate only if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. See *Teamsters Local 617 Pension & Funds v. Apollo Grp., Inc.*, 633 F. Supp. 2d 763 (D. Ariz. 2009). The factual allegations in Plaintiff's complaint must be sufficient to raise a right to relief beyond speculation, such that this court may

1  "draw the reasonable inference that the defendant is liable for the misconduct alleged."
2  *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While "[t]he plausibility standard is not akin to a
3  probability requirement' … it asks for more than a sheer possibility that a defendant has
4  acted unlawfully." *Id*.

5  In this case, Plaintiff's complaint fails to allege facts sufficient to raise plaintiff's
6  right to relief.  Plaintiff argues that it has properly alleged facts in its complaint to meet
7  the eight factor test under *AMF Inc. v. Sleekcraft Boats*: (1) the strength of the plaintiff's
8  mark; (2) the proximity or relatedness of the parties' goods; (3) the marks' similarity in
9  appearance, sound, and meaning; (4) evidence of actual confusion; (5) evidence of the
10 defendant's intention in selecting and using the allegedly infringing name; (6) the
11 degree to which the parties' marketing channels converge; (7) the type of goods and the
12 degree of care customers are likely to exercise in purchasing them; and (8) the
13 likelihood that the parties will expand their product lines. (599 F.2d 341, 348-49 (9th
14 Cir. 1979), *abrogated on other grounds*)  Further Plaintiff admits that when examining
15 trademark uses on the internet, the most important factors are the internet troika
16 factors, which it also claims it has sufficiently plead: (1) the similarity of the marks; (2)
17 the relatedness of the goods or services; and (3) the "simultaneous use of the Web as a
18 marketing channel." *GoTo.com*, 202 F.3d at 1205.

19 Factor 1 and 5: There is no dispute that Plaintiff has alleged facts related to factor
20 1, "the strength of the plaintiff's mark", however Plaintiff fails on the other seven factors.

21 Factor 5:  Plaintiff concedes that it does not seek to prevent Defendant from using
22 the phrase "Trader Joe's" for "identifying the union or discussing the union's cause" or
23 in communicating its labor dispute. (ECF 1 ¶ 35)

24 Factor 2:  Plaintiff has failed to plead factual allegations to support that
25 Defendant's "goods" are related to goods sold by Plaintiff. Plaintiff complains that
26 Defendant is "marketing and selling apparel, reusable tote bags, mugs, and buttons"
27 without alleging facts to suggest that Plaintiff sells merchandise similar to Defendant.
28 (ECF 1 ¶ 40) Reusable tote bags are the only goods that Plaintiff complains of as being

---

*Trader Joe's Company v. Trader Joe's United*, Case No. 2:23-cv-05664-HDV-MAR
Defendant Trader Joe's United Reply ISO Motion to Dismiss – 4

"related". However, the red typeface is unrelated, the concentric circle design is distinct and most importantly Plaintiff's bread, wine, cheese and grape board design is unrelated to Defendant's black fist holding a neon green box cutter design. Under *Sleekcraft*, when goods are not related, dismissal is appropriate at the pleading stage. See *id.*; see also *Murray*, 86 F.3d at 860-61 (affirming district court dismissal concluding no likelihood of confusion as a matter of law because the parties' services were unrelated); *Robinson v. Hunger Free America, Inc.*, 2018 U.S. Dist. LEXIS 41256, at 3 (E.D. Cal. Mar. 13, 2018) (granting motion to dismiss because types of goods were dissimilar and design of "Hunger Free America" were different).

<u>Factor 3:</u> Plaintiff fails to properly allege that the marks have similarity in appearance, sound, and meaning. Plaintiff points only to "Trader Joe's signature red font, and/or the concentric circle design". (ECF 1 ¶ 28) But a simple review of the red font and concentric circle design shows that there is no plausible similarity. The side-by-side comparison of the tote bag in Complaint easily shows that the typeface is different in font and size without a similar composition of concentric circles. (ECF 1 ¶ 29)

Moreover, in *Mintz v. Subaru of America, Inc.*, 716 Fed. App'x 618, 621 (9th Cir. 2017), the Ninth Circuit in affirming dismissal of the complaint, held that the designs and phrases of the parties' were facially dissimilar with no likelihood of confusion. The plaintiff's phrase "A World of Love, for You and Those You Love" included a design with a hand that is circumscribed by a heart and includes an entire body while the defendant's phrase, "Share the Love" included a design with a hand that radiates blue beams and is not connected to a body. *Id.* at 621. Here, Plaintiff fails to allege facts necessary to allege a likelihood of confusion and the facial dissimilarity is reason to dismiss this complaint. Similarly, in *Robinson*, the district court concluded that the plaintiff failed to allege facts showing a plausible likelihood of confusion. *Supra* at 4. The district court noted that the marks were not similar as the plaintiff's "Hunger Free America" was in "green lettering with black and white outlining, below a background of farm rows and vegetables" while the defendant's "Hunger Free America" had a red slash

through the word "Hunger." *Id*. The types of goods as well the consumer they targeted were dissimilar as the plaintiff's consumers encountered the mark when purchasing a t-shirt while the defendant's consumers encountered the mark only when utilizing hunger-relief programs. *Id*. In this matter, Plaintiff's consumers would only encounter Plaintiff's mark when purchasing a tote bag in person inside a grocery store while visitors to Defendant's website would only encounter the mark when intending to support Defendant Union in its labor dispute with Plaintiff.  The *Robinson* court concluded that the goods or services that were both offered were not related or sold to the same class of purchasers, and have dissimilar uses and functions; therefore, the allegations did not demonstrate that a customer would likely be confused. *Id*. Similarly, Plaintiff's complaint does not contain factual allegations that the marks' have similar use and function or are sold to the same class of purchasers.

   <u>Factor 4:</u> Plaintiff fails to allege evidence of actual confusion.  The Ninth Circuit holds that likelihood of confusion is the central element of a trademark infringement action. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036 (9th Cir. 1999). This test applies to 15 U.S.C. § §§ 1114 and 1125(a) and California unfair competition law. *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996). This circuit holds that: "The test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamworks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). Plaintiff only alleges in a conclusory manner that Defendant's use "is likely to cause confusion among ordinary consumers" or "likely to cause confusion and mistake with an appreciable number of reasonable customers" or "is likely to cause confusion" or "in a way that is likely to cause consumer confusion" or "resulting in a likelihood of consumer confusion".  (ECF 1 ¶¶ 40, 49, 62, 68, 4, 6) Plaintiff fails to allege any ***facts*** of actual confusion, relying only on conclusory assertions.  In fact Plaintiff's complaint concedes that its tote bags are only sold inside its stores, are not marketed on the web, and are "collector" items.  Indeed, Plaintiff

claims that it receives 4.6 million visitors a month yet it is unable to point to even **one** consumer who has bought Defendant Union's tote bag with a black fist and green box cutter that states "Trader Joe's United" and has confused it for the collector item tote bag that is sold inside of Plaintiff grocery store.  In *Murray*, the Ninth Circuit affirmed the district court's Rule 12(b)(6) dismissal concluding that the parties' services were unrelated and thus, there was no likelihood of confusion. 86 F.3d at 861.  There are insufficient factual allegations in the complaint that a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of Defendant's tote bag.

Factor 6: Plaintiff has failed to allege the degree to which the parties' marketing channels converge. Plaintiff is a grocery store that does not even have an online sales presence, nor is one alleged in the complaint. (ECF 1 ¶ 16)  There are no factual allegations in the complaint that details any social media or internet marketing presence by Defendant, rather Plaintiff concedes that customers cannot place orders on its website and that its website only offers information.  (ECF 1 ¶ 16) Whereas, Defendant's website is only for communicating its labor dispute and its reusable tote bag is made available only on its website. Plaintiff only alleges that it relies on word of mouth marketing and a "fun shopping experience inside Trader Joe's stores."  (ECF 1 ¶ 17) Whereas Defendant's "marketing channels" are entirely communications in support of a labor dispute on the union's website. Nowhere on Plaintiff's website and indeed it is nowhere pleaded that Plaintiff advertises or markets its tote bags on the internet.

Factor 7: Plaintiff's complaint also fails to allege the type of goods and the degree of care customers are likely to exercise in purchasing them.  Plaintiff has failed to allege that it sells coffee mugs, buttons or apparel in any way similar to Defendant.  Rather Plaintiff only fixates on the sale of reusable tote bags.  However in looking at Plaintiff's complaint, any of Defendant's tote bags that "enthusiasts are known to collect" would obviously use the degree of care in purchasing Defendant's tote bag to realize that a bag with a black fist holding a green box cutter with spaced out concentric circles that states

Case 2:23-cv-05664-HDV-MAR   Document 36   Filed 10/26/23   Page 8 of 10   Page ID #:217

"Trader Joe's United" is not in any way similar to the depicted bags in the complaint. (ECF 1 ¶18)

Factor 8: Plaintiff has completely failed to allege any facts related to the likelihood that the parties will expand their product lines. Rather, Plaintiff simply states in a conclusory manner that it "believes" "Defendant will continue to expand those activities" (ECF 1 ¶41) Plaintiff fails to allege any facts in support of a finding that there is a likelihood of consumer confusion in its Complaint.

Further, Plaintiff's complaint must be dismissed based on its failure to allege facts in support of the "internet troika" elements: (1) similarity of marks; (2) relatedness of goods or services; and (3) simultaneous use of the internet as a marketing channel. *Internet Specialties West v. Milon-DiGorgio Enterprises*, 559 F.3d 985, 989 (9th Cir. 2009). As described above Plaintiff's complaint fails to allege facts that meet this standard. Most importantly, Plaintiff fails to allege simultaneous use of the internet as a marketing channel for the sale of its reusable tote bags. As explained above, Plaintiff cannot allege that it advertises nor sells the tote bags on its website. Continuing its chain of speculation, Plaintiff simply alleges without any supporting facts that the public "with an appreciable number of reasonable customers" is likely deceived "into believing that Defendant's goods are sponsored, endorsed, or approved by Trader Joe's, or are otherwise associated with Trader Joe's." (ECF 1 ¶¶ 62, 68) Plaintiff tries to mislead this Court by arguing that "Courts in this Circuit routinely hold that it is inappropriate to dismiss a complaint based on an alleged failure to plead likelihood of confusion." (ECF 35 p.15) However it has been held in this district court: "Courts may determine the likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment." *Infostream Grp. Inc. v. Avid Life Media Inc.*, No. CV 12-09315 DDP (AJWx), 2013 U.S. Dist. LEXIS 161940, (C.D. Cal. Nov. 12, 2013).

This Court has not hesitated to dismiss claims at the pleading stage where there is no evidence of likelihood of confusion as a matter of law. Thus Plaintiff's opposition that this Court is obligated to accept its baseless allegations, consisting of primarily

*Trader Joe's Company v. Trader Joe's United*, Case No. 2:23-cv-05664-HDV-MAR
Defendant Trader Joe's United Reply ISO Motion to Dismiss – 8

conclusionary, formulaic, and speculative claims, as "plausible on its face" and that they have "plead each required element" is without merit. (ECF 35) As stated by the Ninth Circuit, courts are not obligated to accept mere "conclusionary, unwarranted deductions of facts, or unreasonable inferences" as grounds for relief. See *Supra, Teamsters Local 617 Pension*, at 633. The factual nature of the *Sleekcraft* inquiry does not absolve plaintiffs of complying with the mandates of *Iqbal* and *Twombly*, which require complaints to plead a minimum quantum of factual content beyond "labels and conclusions" so as to "give the defendant fair notice of what the claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). To this end, "the pleading must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). "Unadorned, the defendant-unlawfully-harmed-me accusation[s]" do not, as a rule, survive motions to dismiss, *Iqbal*, 556 at 678, and conclusory allegations of a likelihood of confusion pose no exception to the rule. *See VMR Prods., LLC v. V2H ApS*, No. CV 13-7719 CBM (JEM), 2014 U.S. Dist. LEXIS 198815 (C.D. Cal. Aug. 4, 2014). A court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983). Any acceptance of such a conclusory complaint would only serve to delay the legal process, causing unnecessary delays and place a strain on Defendant union that is in the midst of an active and robust labor dispute against Plaintiff.

## II. The Norris-LaGuardia Act deprives this Court of jurisdiction to provide the requested injunctive relief.

Because this case grows out of a labor dispute, the NLGA deprives this Court of jurisdiction to grant injunctive relief. See 29 U.S.C. § 101 ("No court of the United States, as herein defined, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this Act . . ."). In this matter it is clear that

Plaintiff seeks to interfere with and restrain Defendants' associational activities and Plaintiff's requested injunction would restrict employees' rights to refer to their employer and discuss their working conditions, which is contrary to public policy as set forth in many NLRB cases. See *Allstate Ins. Co.*, 332 NLRB 759, 759, 765 (2000) (employer violated NLRA by disciplining employee who gave an interview to a magazine discussing working conditions); *Silgan Containers LLC v. Int'l Ass'n of Machinists & Aero. Workers*, No. 18-C-213, 2018 U.S. Dist. LEXIS 191308 (E.D. Wis. Nov. 8, 2018), where the Seventh Circuit found that the NLGA prohibited enjoining the union's use of the employer's trademark in its name. Specifically, the Court held that "although the controversy was 'couched in terms of trademark infringement' by the plaintiff, the Court, quoting the Supreme Court, held that "it is necessary to inquire beyond the form or appearance of a dispute to its 'relative impact on . . . the interests of union members." Id at 179.

As the Supreme Court has stated, "the [NLGA's] ban on federal injunctions is not lifted because the conduct of the union is unlawful under some other, nonlabor statute." *Burlington N. R.R. v. Bhd. of Maint. of Way Emps.*, 481 U.S. 429 (1987).

**CONCLUSION**

The Complaint should be dismissed.  If any part of the Complaint remains, injunctive relief should be denied.

Respectfully submitted,

Dated: October 26, 2023

/s/ Retu Singla
By: Retu Singla
*Attorney for Defendant*
JULIEN MIRER SINGLA & GOLDSTEIN PLLC
1 Whitehall Street, 16th Floor,
New York, NY 10004
(212) 231-2235
rsingla@workingpeopleslaw.com

---