1  LATHAM & WATKINS LLP
2  Jennifer L. Barry (SBN 228066)
    *jennifer.barry@lw.com*
3  12670 High Bluff Drive
    San Diego, CA 92130
4  T:  +1.858.523.5400 | F:  +1.858.523.5450

5  Jessica Stebbins Bina (SBN 248485)
    *jessica.stebbinsbina@lw.com*
6  10250 Constellation Boulevard, Suite 1100
    Los Angeles, CA 90067
7  T:  +1.424.653.5500 | F:  +1.424.653.5501

8

9

10 Attorneys for Plaintiff
    TRADER JOE'S COMPANY

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 TRADER JOE'S COMPANY, a California corporation, | Case No. 2:23-cv-05664-HDV-MARx |
| 16 | **PLAINTIFF TRADER JOE'S** |
|    Plaintiff, | **COMPANY'S NOTICE OF** |
| 17 | **MOTION AND MOTION TO** |
|    v. | **APPROVE SUPERSEDEAS BOND** |
| 18 | **AND STAY EXECUTION OF** |
| 19 TRADER JOE'S UNITED, | **JUDGMENT** |
| 20     Defendant. | Hon. Hernán D. Vera |
| 21 | Date:  July 18, 2024 |
|    | Ctrm: 5B |
|    | Time: 10:00 a.m. |
| 22 | |
| 23 | Complaint Filed: July 13, 2023 |

24

25

26

27

28

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE THAT** on July 18, 2024 at 10:00 a.m., or as soon

3   thereafter as the Court may hear the matter, in Courtroom of the Honorable Hernán

4   D. Vera of the United States District Court, Central District of California, located at

5   the First Street Courthouse, 350 West 1st Street, Courtroom 5B, Los Angeles,

6   California 90012, Plaintiff Trader Joe's Company will respectfully request that the

7   Court approve the supersedeas bond filed concurrently with this Motion, and

8   accordingly stay execution on the Court's April 30, 2024 order pending appeal

9   pursuant to Federal Rule of Civil Procedure 62(b).

10       Counsel for Trader Joe's contacted for counsel for Trader Joe's United

11   multiple times and the parties conferred via email regarding this Motion.[1]   Despite

12   multiple requests for its position, Trader Joe's United has not indicated whether it

13   will oppose this Motion.

14       This Motion is based on this Notice of Motion and Motion, the accompanying

15   Memorandum of Points and Authorities, the Declaration of Jessica Stebbins Bina

16   and its exhibits (the "Bina Decl."), the complete files and records in this action, and

17   oral argument as the Court may consider in deciding this Motion.

18

19   Dated:  May 28, 2024          LATHAM & WATKINS LLP

20                       By: /s/ *Jessica Stebbins Bina*

21                           Jennifer L. Barry
                        Jessica Stebbins Bina

22

23                  Attorneys for Plaintiff
               TRADER JOE'S COMPANY

24

25   [1] Pursuant to Local Rule 7-3, this Motion is made following correspondence between

26   counsel dated May 17 and 21, 2024, and multiple attempted phone calls to counsel
for Trader Joe's United that were unreturned.  *See* Bina Decl. ¶ 3.  Given the
unavailability of Trader Joe's United's counsel and the uncertainty of their

27   availability to further confer, and the uncontroversial nature of Trader Joe's
requested relief, Trader Joe's has moved forward with filing this Motion despite not

28   being able to confer telephonically.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 62(b), Plaintiff Trader Joe's Company respectfully moves the Court to approve its supersedeas bond and thus stay execution on the Court's April 30, 2024 order (Dkt. No. 66) pending appeal.

## I.   BACKGROUND

On January 12, 2024, this Court entered an order granting Defendant Trader Joe's United's Motion to Dismiss Plaintiff's Complaint. Dkt. No. 45. On April 30, 2024, the Court entered an order granting Trader Joe's United's Motion for Attorneys' Fees, awarding attorneys' fees to Trader Joe's United in the amount of $112,622.12 (the "fees judgment"). Dkt. No. 66. Trader Joe's appealed both decisions to the Ninth Circuit Court of Appeals. Dkt. Nos. 51, 70. The appeals were consolidated, and Trader Joe's combined opening brief is due July 25, 2024.

Eleven days before this filing, counsel for Trader Joe's alerted counsel for Trader Joe's United of Trader Joe's intent to seek approval of a bond worth 150% of the fees judgment, i.e., $168,933.18, and thereby stay execution on the fees judgment pending appeal. Bina Decl. ¶ 3. Counsel reached out to Trader Joe's United's counsel multiple times by telephone and email. *Id.* Trader Joe's United has not provided a date or time when it would be available to confer, and has not provided a position with respect to this motion. *Id.*

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), "[a] party appealing a district court judgment 'is entitled to a stay of a money judgment as a matter of right' upon posting a bond." *Russell v. Walmart Inc.*, No. 19-cv-5495, 2024 WL 2107384, at *1 (C.D. Cal. Mar. 21, 2024) (quoting *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)); *see* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.").

1   The district has "'inherent discretionary authority'" in setting the supersedeas bond.

2   *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-00676, 2023 WL

3   8374746, at *2 (S.D. Cal. Dec. 4, 2023) (quoting *Rachel v. Banana Republic, Inc.*,

4   831 F.2d 1503, 1505 n.1 (9th Cir. 1987)). "'Although practices vary among judges,

5   a bond of 1.25 to 1.5 times the judgment is typically required.'"  *KST Data, Inc. v.*

6   *DXC Tech. Co.*, No. 2:17-cv-07927, 2020 WL 2841402, at *1 (C.D. Cal. Mar. 20,

7   2020) (quoting *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029

8   (N.D. Cal. 2012)).

9   **III.    DISCUSSION**

10      Trader Joe's seeks approval of a bond of $168,933.18, i.e., 150% of the fees

11   judgment, to stay execution on the fees judgment pending appeal.  *See* Fed. R. Civ.

12   P. 62(b); Bina Decl., Ex. 1.[2]

13      Trader Joe's proposed bond—at 1.5 times the awarded sum—is at the high

14   end of the range accepted by courts in this Circuit.  *See Cotton*, 860 F. Supp. 2d at

15   1029 (noting typical range of "1.25 to 1.5 times the judgment" and requiring bond

16   equal to 1.25 times the award); *see, e.g.*, *Russell*, 2024 WL 2107384, at *1

17   (approving bond equal to "approximately 120% of the amount awarded in the

18   Judgment and the Fee Order"); *Fate Therapeutics*, 2023 WL 8374746, at *2

19   (approving bond equal to "1.25 times the Court's Order Taxing Costs"); *KST Data*,

20   2020 WL 2841402, at *2 (setting "bond of 1.25 times the judgment amount");

21   *Sazerac Co. v. Fetzer Vineyards, Inc.*, No. 3:15-cv-04618, 2018 WL 620123, at *4

22   (N.D. Cal. Jan. 30, 2018) (setting "bond at 1.2 times the fee judgment").  Moreover,

23   Trader Joe's proposed bond is issued by Federal Insurance Company, will last the

24   pendency of the appeal, and otherwise comports with this District's Local Rules.

25   *See* Bina Decl. ¶¶ 4–7 & Exs. 1, 2; *see also* L.R. 65-3, 65-4, 65-5, 65-6; *Maaco*

26   *Franchising, LLC v. 5926, LLC*, No. 16-2218, 2017 WL 10545124, at *5 (C.D. Cal.

27

28   _____

[2] Trader Joe's is prepared to lodge the original physical bond with the Court, upon direction of the Court.  *See* L.R. 65-2.

June 8, 2017).

The proposed bond is thus more than sufficient to "secure" Trader Joe's United "from any loss as a result of the stay in execution." *Allied Premier Ins. v. United Fin. Cas. Co.*, No. 18-cv-88, 2020 WL 1277760, at *1 (C.D. Cal. Feb. 27, 2020) (approving bond equal to "1.10 times the amount of the final judgment"); *see also Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-cv-3838, 2013 WL 361109, at *2 (C.D. Cal. Jan. 30, 2013) (requiring bond of $113,871.07, which equaled the sum of attorneys' fees ($111,993.00) and costs ($1,878.07) previously awarded).

Accordingly, Trader Joe's respectfully requests that the Court approve the supersedeas bond, and as a result, confirm that enforcement of the fees judgment is stayed pending appeal. Fed. R. Civ. P. 62(b); *see also Russell*, 2024 WL 2107384, at *1 (explaining that appealing party "is entitled to a stay" "as a matter of right" upon posting a bond); *accord AGK Sierra de Montserrat, L.P. v. Comerica Bank*, No. 2:15-cv-01280, 2023 WL 3582350, at *1–2 (E.D. Cal. May 22, 2023) (proving same and granting stay of execution).

## IV.   CONCLUSION

For the foregoing reasons, Trader Joe's respectfully requests that the Court approve its proposed bond and issue a stay pending appeal. To the extent the Court requires further modification of the proposed bond, Trader Joe's respectfully requests that the Court issue an order temporarily staying execution to allow Trader Joe's to comply with any required modifications.


Dated: May 28, 2024                   LATHAM & WATKINS LLP


                                      By: /s/ *Jessica Stebbins Bina*
                                          Jennifer L. Barry
                                          Jessica Stebbins Bina

                                      Attorneys for Plaintiff
                                      TRADER JOE'S COMPANY